839 A.2d 155

STATE OF NEW JERSEY, PLAINTIFF v. 6 SHOT COLT .357, ET. AL. [RICHARD SZYMCZAK INTERESTED PARTY], DEFENDANTS.

Superior Court of New Jersey
Chancery Division Family Part
Burlington County

Decided June 5, 2003.

412

*Amy Lynn Smith*, Assistant Prosecutor, *Robert D. Bernardi*, Burlington County Prosecutor, for plaintiff.

*John J. Call, Jr.*, for defendants.

MILLARD, J.S.C.

This is an action brought by the State seeking the forfeiture of weapons and firearms identification card seized pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25–17 to 33. The underlying domestic violence temporary restraining order was entered on March 24, 2003. No accompanying criminal complaint alleging a predicate offense was filed. At the hearing on the application for the final restraining order on April 1, 2003, Mrs. Szymczak, who was represented by counsel, elected to voluntarily dismiss the domestic violence complaint. Thereafter the State timely filed this Petition for Forfeiture on May 5, 2003.

On March 24, 2003 at approximately 10:00 PM, Christine Szymczak and her husband Richard Szymczak began having an argument about dinner. She stated that he had yelled at her, and then physically blocked her path when she attempted to leave the room. Mrs. Szymczak says she felt threatened. She called the police who arrived shortly after Mr. Szymczak had left. The officer testified she appeared visibly upset. Mrs. Szymczak advised that her husband had a collection of firearms upstairs, which were confiscated by the officers pursuant to the Domsetic Violence Act. The weapons were secured from a lockbox, which was opened by Mrs. Szymczak using a screwdriver or other devise to pry open the box. Included in the 14 weapons seized, was an AK47 assault rifle and 5 high capacity magazines. The weapon tested positive by the Burlington County Prosecutor's Office for operability. The weapon meets the definition of a banned assault weapon pursuant to N.J.S.A. 2C:39-1 et. seq.

Mrs. Szymczak testified that her husband had never threatened her with the weapons either during this incident or at any time during the marriage. Mr. and Mrs. Szymczak have been married for twelve (12) years and Mr. Szymczak has owned the weapons during that entire time. When they were dating the couple went out "shooting" a couple times. The only incident of past conduct specifically alleged on the temporary restraining order was an alleged assault by Mr. Szymczak occurring on March 24, 2002, on which charge he was acquitted in municipal court. Mrs. Szymczak testified to pushing and shoving during the course of the marriage on three (3) to five (5) occasions.

Richard Szymczak works as an electrical engineer. His version of the incident was that they started arguing and his wife began wagging her finger in his face. He never threatened her or physically touched her. He purchased the AK47 some 20 years previous when it was legal to own it. Mr. Szymczak has a valid firearms ID card and has no criminal record. Mr. Szymczak says that he owns guns because the Constitution authorizes him to have them. He knew that legislation subsequently enacted made pos-

session of the assault weapon illegal, but expected that he would somehow be specifically notified to turn in the weapon. Such a belief, even if true, does not appear to constitute a defense under the statute. *See:* N.J.S.A. 2C:2–4, 2C:2–1.

The court is satisfied that the assault weapon and the accompanying magazines are contraband per se and are illegal to possess. Accordingly they are ordered forfeited to the state pursuant N.J.S.A. 2C:64–1. Remaining at issue is the State's petition to forfeit the balance of defendant's weapons, which were seized, and his firearms identification card.

▮ Provisions in N.J.S.A. 2C:25–21(d) requiring the return of seized weapons to a defendant under certain circumstances pursuant to paragraph 4 of the section, including dismissal of the temporary restraining order, have been essentially rendered moot where there are other reasons justifying forfeiture. *See Matter of J.W.D.,* 149 *N.J.* 108, 693 *A.2d* 92 (1997). Weapons should not be returned to any person who poses a threat to the public health, safety, or welfare, regardless of whether the provisions of paragraph 4 have been complied with by the Defendant. *See id.* at 116, 693 *A.2d* at 96; *State v. Freysinger,* 311 *N.J.Super.* 509, 515, 710 *A.2d* 582, 585 (App.Div.1998).

The State is proceeding in this case under two separate theories. First, the State asserts that the Mr. Szymczak's conduct towards Mrs. Szymczak, though not resulting in a final restraining order, makes him unfit or a danger to Mrs. Szymczak, as a basis for the forfeiture. Second, the State alleges that Mr. Szymczak's possession of the assault weapon, being in violation of the laws governing the use, possession or ownership of weapons, is a basis for forfeiture under N.J.S.A. 2C:58–3c(5).

▮ In reviewing the facts of this case, this court cannot conclude that a final restraining order would necessarily have been entered had the case proceeded to trial at the hearing on April 1, 2003. There are significant questions whether the conduct alleged would have been sufficient under *Corrente v. Cor-*

*rente*, 281 *N.J.Super.* 243, 657 *A.2d* 440 (App.Div.1995) and *Pera-nio v. Peranio*, 280 *N.J.Super.* 47, 654 *A.2d* 495 (App.Div.1995), for the court to enter a final restraining order. Nor do the facts of this case support the conclusion that Mr. Szymczak, solely by virtue of his conduct towards Mrs. Szymczak, is unfit, or a danger to Mrs. Szymczak. All reported cases which have upheld a weapons forfeiture under this statute, predicated upon a claim that the defendant was either unfit or a danger to the plaintiff in cases where the underlying restraining order was dismissed, have found exceptional and compelling evidence that the defendant was a threat to the public health, safety or welfare. *See Matter of JWD*, infra, *State v. Freysinger*, infra, *State v. One Marlin Rifle*, 319 *N.J.Super.* 359, 725 *A.2d* 144 (App.Div.1999). "Under previous cases of forfeiture of weapons...the evidence of threat to the public welfare was overwhelming." Ibid. Here, as in *One Marlin Rifle*, at 372, 725 *A.2d* at 150, "the testimony adduced at the forfeiture hearing produced nothing that would rise to a level of threat to the public health, safety or welfare such as would warrant forfeiture."

The State's alternative theory takes the position that be-cause a banned assault rifle was one of the weapons recovered in the course of the seizure, that fact makes Mr. Szymczak an inappropriate person to possess weapons.[1]

Under *Matter of JWD*, infra, the Supreme Court rectified an inconsistency in the domestic violence forfeiture statute, which had required weapons to be returned to a defendant upon the dismiss-al of the domestic violence complaint, regardless of whether there was some independent basis on which such return was unwarrant-ed. The court used broad language authorizing a forfeiture action to proceed regardless of the final status of the restraining order,

---

[1] In support of this position the State relies upon the well-reasoned, unpub-lished opinion of the Honorable Marie Lihotz, PJFD, in State v. Forfeiture of the Firearms of Kerry Deminatus FO–03–198–03. The opinion cannot constitute precedent pursuant to Rule 1:36–3, but the analysis is certainly of assistance in reviewing the present matter.

whenever return of weapons was not in the interest of public, health, safety or welfare.

Possession of an assault weapon in and of itself, does not make one "unfit" to possess weapons or a danger to the public or particular persons, under 2C:25–21(d). Rather, it is a factor that could be utilized in such an analysis. It is the illegal possession of the weapon, based upon violation of the laws governing use, possession or ownership of firearms, which constitutes grounds for forfeiture under 2C:25–21(d). The knowing violation of the gun laws in and of itself is a sufficient statutory basis for the court to order a forfeiture of seized weapons, without the necessity of the court also finding that the defendant is unfit or a danger to the public in general or persons in particular.

N.J.S.A. 2C:25–21d(3) sets forth the procedures for the forfeiture of weapons seized by the police during a domestic violence incident:

The prosecutor may petition, "to obtain title to the seized weapons, or to revoke any and all permits, licenses and other authorizations for the use, possession or ownership of such weapons *pursuant to the law governing such use, possession, or ownership,* or may object to the return of the weapons on such grounds as are provided for the initial rejection or later revocation of the authorizations, or on the grounds that the owner is unfit or that the owner poses a threat to the public in general or a person or persons in particular," (emphasis added).

A close reading of the statute provides the following four general theories under which the State can proceed to seek authorization for forfeiture:

(1) Violation of the laws governing the use, possession or ownership of weapons;

(2) Grounds provided for in the initial rejection or later revocation of the permits or licenses to possess or carry weapons (2C:58–3);

(3) That the owner is unfit to possess weapons; or

(4) That the owner poses a threat to the public in general or a person or persons in particular.

Where the underlying domestic violence complaint is dismissed, *Matter of J.W.D.*, infra, directs that we proceed *in para materia* with N.J.S.A. 2C:58–3c(5), which authorizes a weapons denial:

To any person where the issuance would not be in the interest of the public health, safety or welfare.

Mr. Szymczak's conduct in knowingly possessing the assault firearm contrary to the laws governing use, possession or ownership of weapons, is a sufficient and specific basis under N.J.S.A. 2C:25-21(d) for the court to order a forfeiture. There is no necessity for the court to enter into an analysis of whether the additional element of possession of an assault weapon makes Mr. Szymczak "unfit." The violation of the laws concerning possession of the assault rifle, in and of itself, is an independent basis for forfeiture under the statute. Clearly a finding that the defendant has violated the gun laws such as to be a basis for forfeiture under 2C:25-21(d), would constitute a basis for finding that his continued possession of weapons or his firearms ID card would not be in the interest of public health, safety or welfare.

Mr. Szymczak's selective compliance with the gun laws and violation of the law and declared policy of this state concerning possession of assault weapons works as a basis for the forfeiture of all the firearms which were seized during the domestic violence incident, along with his firearms purchasers identification card.[2] Though not a factor in this decision, the court is also mindful that Mr. Szymczak is facing indictable charges for the possession of the assault rifle, for which any conviction would result in the same disposition by operation of law.

The State is directed to prepare an order consistent with this decision.

---

[2] State v. The Forfeiture of the Firearms of Kerry Deminatus FO-03-198-03.